## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

STP ATLANTIC LLC,

                Plaintiff,        Civil Action No. 1:23-CV-0427 (GTS/CFH)

v.                    **COMPLAINT**

STP NORTH AMERICA LLC,

                Defendant.

Plaintiff, STP Atlantic LLC ("STP"), by its undersigned attorneys, for its Complaint against defendant, STP North America LLC ("Defendant"), states as follows:

## NATURE OF THE ACTION

1. Through inequitable conduct, Defendant improperly obtained United States Design Patent No. D963,206, entitled "Sound Deadening Mat" (the "'206 Patent"), which claims an ornamental design that was already on sale in the United States by third parties including, without limitation, STP, more than one year before the application for the '206 Patent was filed. A copy of the '206 Patent is attached hereto as **Exhibit 1**.

2. Even though Defendant, upon information and belief, knew that sound deadening mats bearing the design claimed in the '206 Patent were on sale prior to the '206 Patent's priority date, Defendant illegally and improperly failed to disclose this information to the United States Patent and Trademark Office ("USPTO") during the prosecution of the '206 Patent.

3. After obtaining the '206 Patent, Defendant, upon information and belief, knowing that the '206 Patent was invalid and unenforceable, began asserting this patent against STP by submitting a notice of infringement to Amazon.com ("Amazon") with respect to the '206 Patent, which caused STP's Amazon listings for sound deadening mats to be taken down, causing a

resultant loss of business to STP.

4. STP, an online retailer of, among other things, sound deadening mats, brings this action for a judgment declaring that the '206 Patent is invalid and obtained by inequitable conduct.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. §§ 1331, 1338, and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) in that Defendant resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. This Court may properly exercise personal jurisdiction over Defendant as it is engaging in the conduct complained of herein, residing and doing business in the State of New York and in this District.

## THE PARTIES

8. STP is a limited liability company formed under the laws of the state of New Jersey, with a place of business at 820 Bear Tavern Road, West Trenton, New Jersey.

9. Upon information and belief, Defendant is a limited liability company formed under the laws of the State of New York with a place of business in Albany, New York.

## STP AND ITS BUSINESS

10. STP is an online retailer of sound deadening mats used in automobiles and a related accessory on the Amazon Marketplace.

11. The Amazon Marketplace is an online e-commerce platform that allows for third parties like STP to sell products on that platform.

12. Upon information and belief, Amazon is the world's largest online retailer.

13. The privilege of selling on Amazon is highly advantageous, as Amazon provides

third parties like STP with exposure to the world marketplace on a scale that no other online retailer can currently provide.

14. At all relevant times, STP has had a contractual and business relationship with Amazon, such that STP is permitted to sell its products on Amazon's e-commerce platform.

15. All of STP's business is derived from the sale of products on the Amazon Marketplace.

16. Any harm that comes to the relationship between STP and Amazon creates a potential for serious and irreparable injury to STP.

17. Beginning on August 22, 2017, STP began selling its KILMAT brand sound deadening mats on the Amazon Marketplace. STP's products are designed to be used in the interior of automobiles to, among other things, reduce road and engine noise and provide better heat insulation and interior acoustics.

18. STP's KILMAT mats have been offered and sold on Amazon under the following Amazon Standard Identification Numbers ("ASINs"): B0751CBXBT; B0751G6TMV; B082Q2J2T4; B07CBK48XN; and B092DMQ5NF (individually and collectively, the "STP ASINs" and the "STP Mats").

19. All of the STP ASINs bear the same ornamental design. The only differences between the various STP ASINs are their respective thicknesses and the number of STP Mats that come in a package. A true and correct copy of a photograph of an STP Mat is attached hereto as **Exhibit 2**.

20. Since it began selling the STP Mats in 2017, the ornamental design of the STP Mats has not changed. It has been the same in all material respects.

21. STP does not claim proprietary rights in the ornamental design of the STP Mats.

Upon information and belief, this design is in the public domain and has been used by others for at least four or five years.

## THE '206 PATENT

22. On February 14, 2021, Defendant filed the application for the '206 Patent with the USPTO (the "'206 Application").

23. The '206 Application identified Garri Milman as the inventor of the design claimed in the '206 Application and Defendant as the assignee of that design.

24. In connection with the '206 Application, Mr. Milman signed a declaration, pursuant to 37 C.F.R. § 1.63, stating, in part, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application."

25. Upon information and belief, at all relevant times, Mr. Milman and Defendant knew that Mr. Milman was not the original inventor nor an original joint inventor of a claimed design in the '206 Application.

26. Upon information and belief, prior to filing the '206 Application, Mr. Milman and Defendant knew that one or more third parties, such as STP, were selling sound deadening mats bearing the design claimed in the '206 Application.

27. Upon information and belief, during the prosecution of the '206 Application, Defendant and Mr. Milman knew that, prior to February 14, 2020, third parties, such as STP, were selling sound deadening mats bearing the design claimed in the '206 Application.

28. During the prosecution of the '206 Patent, Defendant did not disclose to the USPTO that one or more third parties were selling sound deadening mats bearing the design claimed in the '206 Application prior to February 14, 2020.

29. The '206 Patent, entitled "Sound Deadening Mat," was issued on September 6, 2022. *See* Ex. 1. The '206 Patent claims the ornamental design of a sound deadening mat, i.e., a

sound deadening mat that is identical in all respects to the design of sound deadening mats that were already on sale in the United States by STP more than one year prior to the filing of the '206 Application. A claim chart showing the figures from the '206 Patent and photographs of a sound deadening mat sold in the United States by STP more than one year before the filing date of the '206 Patent is attached hereto as **Exhibit 3**.

## DEFENDANT'S ILLEGAL CONDUCT

30. As demonstrated below, Defendant has engaged in a course of conduct designed to preclude STP from selling its sound deadening mats by making false and defamatory allegations of intellectual property infringement.

31. Upon information and belief, Defendant either sells sound deadening mats on e-commerce platforms, such as Amazon, and/or sells sound deadening mats to third parties who resell them on the Amazon platform.

32. Upon information and belief, Defendant competes with STP with respect to sales of sound deadening mats.

33. It is well-known among intellectual property owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

34. As one Amazon expert has previously explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

35. It is well known that once Amazon takes down an Amazon Marketplace seller's listing for alleged infringement, it is often very difficult, if not impossible, to have the listing reinstated, even if the seller demonstrates to Amazon that the accused product is not infringing, or that the intellectual property owner lacks valid rights.

36. On the occasions that Amazon does reinstate a product listing, it can take Amazon weeks to do so.

37. Upon information and belief, Defendant was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

38. Upon information and belief, Defendant was, at all relevant times, aware that Amazon will act on reports that a product infringes a design patent, regardless of the truth of the report.

39. Upon information and belief, Defendant was, at all relevant times, aware that once Amazon takes down an Amazon Marketplace seller's listing for alleged infringement, it is often very difficult, if not impossible, to have the listing reinstated, even if the seller demonstrates to Amazon that the accused product is not infringing, or that the intellectual property owner lacks valid rights.

40. Upon information and belief, on or about March 16, 2023, Defendant filed, or caused to be filed a complaint with Amazon which alleged that an STP Mat, ASIN B092DMQ5NF, infringed the '206 Patent (the "Report"). A copy of the Report is attached hereto as **Exhibit 4**.

41. The Report—which was identified by "Complaint ID: 12254428791," provided the following e-mail address as the "contact details" for Defendant: tmf@cll.com.

42. Upon information and belief, at all relevant times, Defendant knew that such allegations of patent infringement in the Report were false.

43. The Report submitted to Amazon was signed by Defendant under penalty of perjury.

44. When submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law.
>
> I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.
>
> I understand that, if accepted, the information included in this report may be shared by Amazon with all the reported sellers, with the exception of any order ID number(s).

Report Infringement, https://www.amazon.com/report/infringement (last visited Mar. 30, 2023).

45. Upon information and belief, the purpose of the false Report that Defendant made to Amazon regarding STP's sound deadening mats was, and is, to injure competitors such as STP by causing Amazon to take down STP's listings for its sound deadening mats, and to otherwise damage STP's sales, reputation, and goodwill.

46. Because the '206 Patent is unenforceable as it was obtained through inequitable conduct and is otherwise invalid, Defendant has no legitimate intellectual property claim against STP.

47. The Report caused Amazon to take down STP's listings for its sound deadening

mats.

48. Upon information and belief, at all relevant times, Defendant has known that the '206 Patent is invalid and unenforceable.

49. Upon information and belief, Defendant's materially false allegations that STP's sound deadening mats infringed the '206 Patent were knowingly false and made in bad faith, and with the intent to damage STP.

50. As a result of the above false Report, STP's Amazon listings for STP's sound deadening mats were taken down, resulting in an immediate loss of revenue and profits for STP.

51. At no time has STP infringed the '206 Patent.

52. Upon information and belief, Defendant knowingly made a false intellectual property rights complaint against STP.

53. Upon information and belief, the true purpose of the Report was to ensure the removal of STP's listings for STP's sound deadening mats, and to control pricing and eliminate fair competition in the sound deadening mats market.

## FIRST CAUSE OF ACTION
**(Declaratory Judgment of Patent Invalidity as to the '206 Patent)**

54. STP repeats and realleges the allegations of Paragraphs 1–53 as if fully set forth herein.

55. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

56. There exists an actual and justiciable controversy between STP and Defendant with respect to the alleged validity of the '206 Patent due to the assertion of the '206 Patent against STP.

57. The '206 Patent is invalid for failure to comply with at least 35 U.S.C. § 102(a) in

view of, among other things, sound deadening mats bearing the ornamental design claimed in the '206 Patent were already on sale in the United States by STP more than one year prior to the filing of the application for the '206 Patent.

58. As shown in Exhibit 3 hereto, each and every element of the ornamental design of the '206 Patent was anticipated by the sound deadening mats sold by STP.

59. In view of the foregoing, STP is entitled to a judgment declaring that the '206 Patent is invalid under at 35 U.S.C. § 102.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Unenforceability as to the '206 Patent)

60. STP repeats and realleges the allegations of Paragraphs 1–59 as if fully set forth herein.

61. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

62. There exists an actual and justiciable controversy between STP and Defendant with respect to the alleged enforceability of the '206 Patent due to the assertion of the '206 Patent against STP.

63. Upon information and belief, before and during the prosecution of the '206 Application, Defendant knew that one or more third parties were selling sound deadening mats bearing the design claimed in the '206 Application before the priority date of the '206 Patent.

64. During the prosecution of the '206 Application, Defendant failed to disclose to the USPTO that one or more third parties were offering for sale and selling sound deadening mats in the United States bearing the design claimed in the '206 Application prior to February 14, 2021.

65. Upon information and belief, Defendant's failure to disclose such prior art sound deadening mats to the USPTO was intentional.

66. Upon information and belief, at all relevant times, Defendant knew that these prior art sound deadening mats were material because they rendered the design claimed in the '206 Patent unpatentable.

67. Upon information and belief, Defendant failed to disclose the prior art sound deadening mats to the USPTO with an intent to deceive because Defendant deliberately wanted to hide the fact that the design claimed in the '206 Patent was unpatentable in view of these prior art sound deadening mats.

68. Upon information and belief, had the USPTO been aware of the prior art sound deadening mats during the prosecution of the '206 Patent, it would not have allowed the '206 Patent to issue.

69. Upon information and belief, because Defendant failed to disclose the prior art sound deadening mats, the USPTO allowed the '206 Patent to issue.

70. In view of the foregoing, STP is entitled to a judgment declaring that the '206 Patent was obtained by inequitable conduct upon the USPTO and thus is unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, STP demands judgment as follows:

A. Declaring that the '206 Patent is invalid and unenforceable;

B. Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors and assigns, and all others in concert and privity with them from filing false complaints with Amazon, and any other e-commerce platform, regarding STP's sound deadening mats and ankle braces;

C. Declaring this action an exceptional case under 35 U.S.C. § 285; and

D. Granting such other and further relief as this Court deems just and proper.

- 11 -

## DEMAND FOR JURY TRIAL

STP hereby requests a jury trial for all issues triable by jury.

Dated: April 5, 2023                                      Respectfully submitted,

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for STP Atlantic LLC*

By: */s/ Richard J. L. Lomuscio*
　　　Richard J. L. Lomuscio
　　　Mark J. Rosenberg *(Application for Admission forthcoming)*
1350 Broadway
New York, New York 10018
Tel.:   (212) 216-8000
Fax:   (212) 216-8001
Email: rlomuscio@tarterkrinsky.com
Email: mrosenberg@tarterkrinsky.com